NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
       marnold@nolanheimann.com

Attorneys for Plaintiff
Adult Children of Alcoholics
World Service Organization, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADULT CHILDREN OF ALCOHOLICS WORLD SERVICE ORGANIZATION, INC., a California non-profit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> INGRAM CONTENT GROUP, LLC, a Tennessee limited liability corporation; and DOES 1-20, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **1. COPYRIGHT INFRINGEMENT** <br><br> **2. TRADEMARK INFRINGEMENT** <br><br> **2.  UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Adult Children of Alcoholics World Service Organization, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

## PARTIES

1. Plaintiff Adult Children of Alcoholics World Service Organization, Inc. ("ACA"), is a California non-profit corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California.

2. Defendant Ingram Content Group LLC ("Ingram") is a Tennessee limited liability company with its principal place of business in La Vergne, Tennessee and offices in Berkeley, California. Ingram publishes, markets, and sells books and other content to consumers located in California.

3. ACA is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 20, and therefore sues these Defendants by such fictitious names. ACA will amend this Complaint to allege their names and capacities when ascertained. Each such fictitiously-named Defendant is responsible in some manner for the damages alleged herein and ACA's losses and damages were proximately caused by such conduct.

4. At all times relevant herein, each of the Defendants was the agent, representative, and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and each of the Defendants approved and ratified the conduct of each of the remaining Defendants.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 & 1338 and 15 U.S.C. § 1114(1) because this dispute concerns the rights of parties under the Copyright Act and federal trademark law.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claim, as that claim is so closely related to the federal claims brought in this action as to form part of the same case or controversy, specifically, Defendants' creation, publication, marketing, offering for sale, and sale of products that give rise to ACA's federal copyright and

Case 2:24-cv-05718-PA-PD   Document 1   Filed 07/08/24   Page 3 of 8   Page ID #:3

trademark infringement claims.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

### ACA's Ownership of the Book *Adult Children of Alcoholics/Dysfunctional Families*

8. ACA facilitates and provides a 12-step, 12-tradition program for people who grew up in dysfunctional homes that focuses on emotional sobriety and has authored numerous books addressing alcoholism, family disfunction, and self-help.

9. ACA is the creator, author, and owner of the book *Adult Children of Alcoholics/Dysfunctional Families* (the "Book").

10. The Book was written and created in 2006.

11. ACA registered the Book with U.S. Copyright Office on October 10, 2006, number TXu001324864.

12. Below and attached hereto as **Exhibit 1** is a true and correct copy of a photo of the front cover of the Book.



1  13. The front cover of the Book depicts ACA's federally registered design mark (the "ACA Design Mark").

14. The ACA Design Mark was first used in commerce in 1984 to identify the ACA as the source of certain reading material.

15. The ACA Design Mark was registered with the United States Patent and Trademark Office in 2008, and is identified as U.S. Registration No. 3460353.

### Defendants' Infringement Activities

16. Defendants, including Ingram, have copied, distributed and sold an unauthorized counterfeit version of the Book (the "Counterfeit Book") that is substantially similar to the Book in all respects.

17. Below and attached hereto as **Exhibit 2** is a true and correct copy of the Counterfeit Book.



18. The Counterfeit Book depicts the ACA Design Mark on its cover.

19. Defendants' use of the ACA Design Mark has caused confusion in the marketplace, misled the consuming public, and injured ACA by causing consumers to incorrectly believe that the Counterfeit Book is associated with or authorized by ACA.

20. Defendants violated federal law by willfully infringing ACA's copyright and trademark through its publication and sale of the Counterfeit Book.

21. Defendants have sold and continue to sell or otherwise make the Counterfeit Book available to the public.

22. Defendants did not license the Book or the ACA Design Mark for use.

23. Defendants do not have ACA's permission or consent to copy or use the Book's copyrighted material or the ACA Design Mark.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 *et seq*.)**

24. ACA refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

25. ACA is the sole and exclusive owner of all rights, title, and interest in the copyrights of the Book, which is the subject of valid and existing United States Copyright, bearing copyright registration number TXu001324864.

26. Defendants directly and willfully infringed ACA's copyright by reproducing, displaying, distributing, and utilizing the Book, including its copyrighted text, for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

27. All of Defendants' acts are and were performed without permission, license, or consent of ACA.

28. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to ACA's rights.

29. ACA has and will continue to be damaged as a direct and proximate result of Defendants' willful infringing acts set forth above, and Defendants have profited and will continue to profit as a result of its unlawful infringement of ACA's copyright in an amount to be proven at trial.

30. Defendants' conduct, described herein, is causing, and unless enjoined and restrained by this Court, will continue to cause ACA irreparable injury that cannot be fully compensated by or measured in money damages. ACA has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement Pursuant to 15 U.S.C. § 1114)

31. ACA refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

32. ACA Files exclusively owns the federally registered ACA Design Mark identified in Paragraphs 13-15, which is valid and enforceable.

33. ACA has used the ACA Design Mark in interstate commerce in connection with the advertising and promotion of its reading materials, including the Book.

34. Without authorization or permission, Defendants have used in commerce and continue to use in commerce the ACA Design Mark.

35. Defendants' unauthorized use of the ACA Design Mark has caused, and will continue to cause, confusion, mistake, or deception in the relevant consumer market.

36. Defendants' unauthorized use of the ACA Design Mark constitutes infringement of a federally registered trademark in violation of 15 U.S.C. § 1114.

37. Defendants' acts of infringement constitute willful and intentional infringement of the ACA Design Mark, and Defendants did so with the intent to trade upon ACA's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' Counterfeit Book is associated with, sponsored by, approved by, and/or originating from ACA when they do not.

38. Defendants had actual knowledge of ACA's ownership and prior use of the ACA Design Mark and have willfully violated 15 U.S.C. § 1114.

39. Defendants' infringing acts have caused and will continue to cause ACA to suffer irreparable injury to its reputation and goodwill.  ACA does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

40. ACA refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

41. As set forth above, Defendants have engaged in unlawful business acts or practices, including copyright and trademark infringement, in an effort to gain unfair competitive advantage by trading on ACA's efforts and reputation.

42. Defendants' acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code §§ 17200 *et seq*.

43. In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of any funds obtained through their unauthorized and unlawful use of ACA's intellectual property.

44. As a result of Defendants' unfair competition, ACA has suffered damages through lost sales of the Book, lost profits, as well as the continuing damage to ACA's business, goodwill, and reputation. ACA has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendants are enjoined from such unfair competition, ACA will continue to suffer irreparable injury. ACA is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, ACA prays for an award against Defendants as follows:

1. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon ACA's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

2. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) & (b);

3. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

4. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

5. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from copying the Book or further distributing, displaying, or selling infringing products based thereon;

6. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from copying the ACA Design Mark or further distributing, displaying, or selling infringing products based thereon;

4. For Defendants to be required to account to ACA for any and all profits, income, receipts or other benefit derived by them by virtue of the acts complained of herein.

5. For the Court to award ACA its reasonable costs, expenses and attorney's fees pursuant to 15 U.S.C. § 1117.

6. For ACA to be awarded restitution and disgorgement;

7. For treble damages;

8. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

9. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

ACA hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: July 8, 2024                     NOLAN HEIMANN, LLP

                                        By: _____
                                        Jordan Susman
                                        Adult Children of Alcoholics
                                        World Service Organization, Inc.